UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-03216-JFW-MAA                                         Date:  September 17, 2020

Title:   Ryan Michael Spencer v. Michael Carvajal

Present:    The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order to Show Cause Why the Petition Should Not Be Summarily Dismissed as Moot

## Background

On April 6, 2020, the Court received Petitioner Ryan Michael Spencer's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody ("Petition"). (Pet., ECF No. 1.)  The Court deemed the Petition filed on April 7, 2020.  The Petition alleges one ground for federal habeas relief:  that the Federal Bureau of Prisons ("BOP") exceeded its authority in designating the United States Penitentiary-Lompoc ("USP-Lompoc") as Petitioner's location of confinement.  (*Id.*, at 3.)  Petitioner alleges that prison staff informed him that he would not be safe in the USP-Lompoc prison yard because the inmates have a "policy" of assaulting sexual offenders.  (*Id.*)  Thus, Petitioner claims that his placement at USP-Lompoc violates the BOP's "duty to protect, safekeep, and properly designate me by law."  (*Id.*)

On June 12, 2020, Respondent Michael Carvajal ("Respondent") filed a Motion to Dismiss the Petition ("Motion to Dismiss"), arguing that the Petition must be dismissed because Petitioner failed to exhaust his administrative remedies, and does not state a cognizable habeas claim.  (Mot. to Dismiss, ECF No. 12.)  On August 18, 2020, the Court received and filed Petitioner's Opposition to the Motion to Dismiss ("Opposition").  (Opp'n, ECF No. 22.)

On September 14, 2020, the Court received and filed Petitioner's Notice of Change of Address, which states that Petitioner is now confined at FCI Mendota Federal Correctional Institution in Mendota, California.  (ECF No. 24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-03216-JFW-MAA                                             Date:  September 17, 2020

Title:    Ryan Michael Spencer v. Michael Carvajal

## Discussion

Pursuant to the Court's independent obligation to consider its own subject-matter jurisdiction, *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006), the Court questions whether this case is now moot.

Federal courts are barred from hearing matters in the absence of a live case or controversy. *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  To meet Article III's case or controversy requirement, the parties must continue to have a personal stake in the outcome of the lawsuit throughout the proceedings.  *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003).  Thus, "if an event occurs . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party," the claim must be dismissed as moot.  *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks & citation omitted).

In this case, because the Petition challenged Petitioner's placement at USP-Lompoc and did not raise any other claims, Petitioner's transfer to FCI Mendota appears to render the Petition moot. (*See* Pet.)

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why the action should not be dismissed without prejudice as moot.  By no later than **October 19, 2020**, Petitioner shall file one of the following responses to this Order to Show Cause:

1. If Petitioner concedes that the action is moot, Petitioner may file and serve a written response stating that he concedes the action is moot.  If Petitioner elects this option, the Court will issue a recommendation that the action be dismissed without prejudice as moot.  Alternatively, instead of filing the written response described above, Petitioner may dismiss this action voluntarily.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

2. If Petitioner does not concede that the action is moot, he must file a written response explaining in detail why the case is not moot, providing relevant facts and legal authorities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-03216-JFW-MAA                                   Date:  September 17, 2020

Title:    Ryan Michael Spencer v. Michael Carvajal

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause by October 19, 2020 will result in a recommendation that the action be dismissed without prejudice as moot, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.